UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Docket No. 21-cr-10307-DJC<br>TYSON TU, )<br>)<br>Defendant. ) | |

JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(a)

The United States of America and counsel for the Defendant file this joint memorandum pursuant to Local Rule 116.5(a), stating as follows:

I.      Local Rule 116.5(a)(1)

On October 14, 2021, a two-count indictment was returned charging the defendant with Receipt of Child Pornography in violation of 18 U.S.C § 2252A(a)(2)(A), and Possession of Child Pornography in violation of 18 U.S.C §§ 2252A(a)(5)(B) and (b)(2).   On November 17, 2021, the government produced automatic discovery materials to defense counsel electronically via USAfx.   Defense counsel seeks time to review the discovery materials.   As of this date, there are no pending formal discovery requests.   Defense counsel has recently made an informal discovery request to the government relative to specific forensic analysis and the government has forwarded this request to the HSI case agent and is awaiting a response.

II.     Local Rule 116.5(a)(2),(3)

If necessary, the Defendant will make discovery requests one week prior to the interim status conference date set by the Court.

III.    Local Rule 116.5(a)(4)

At present there is no protective order in this case. However, in its automatic discovery letter, the government notified defense counsel that it may seek to file a motion for a protective

order relative to the use and disclosure of child pornographic evidence in this case. Today, November 23, 2021, defense counsel informed the government that he has no objection to a protective order issuing in this case.

IV.     Local Rule 116.5(a)(5)

Defendant requests that a schedule for the filing of any pretrial motions under Fed. R. Crim. P 12(b) be set at the interim status conference hearing.

V.      Local Rule 116.5(a)(6)

The parties propose that expert disclosures for the government, if any, be due 21 days before trial and that defendant's expert disclosures, if any, be due 14 days before trial.

VI.     Local Rule 116.5(a)(7)

The Court has previously excluded the period from the date of the defendant's initial appearance, through November 30, 2020, the date set for the initial status conference, for purposes of the Speedy Trial Act. The parties agree that the time period between November 30, 2021, through and including the next status conference be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A). The parties submit that the ends of justice served by permitting defense counsel to review and evaluate the discovery outweigh the best interest of the public and the defendant in a speedy trial.

VII.    Local Rule 116.5(a)(8)

The parties have not yet had an opportunity to discuss a possible plea. They estimate that a trial will take approximately 5-7 days. The parties further request that an interim status conference date be established approximately 45 days in the future.

VIII.   Additional Request

Based on the above, the parties jointly request that the initial status conference currently scheduled for November 30, 2021, be cancelled and that an interim status conference be scheduled approximately 45 days from the date of the currently scheduled initial status conference.

Respectfully submitted,

| | |
|---|---|
| TYSON TU | NATHANIEL R. MENDELL<br>ACTING UNITED STATES ATTORNEY |
| By:   /s/ David Jellinek<br>         David Jellinek<br>         Counsel for the defendant | By:   /s/ Suzanne Sullivan Jacobus<br>         Suzanne Sullivan Jacobus<br>         Assistant U.S. Attorney |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Suzanne Sullivan Jacobus
Suzanne Sullivan Jacobus
Assistant U.S. Attorney